LAWRENCE P. BLASKOPF
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9642
LB5616

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-CV-04988-MLC-LHG |
| ) | |
| WILLIAM B. GALLAGHER, JR., ) | |
| BARBARA A. GALLAGHER, ) | |
| MONMOUTH OCEAN ) | |
| COLLECTION, SCHIBELL & MENNIE, ) | |
| LLC, SHARON SUTTON, ALLEN SUTTON,) | |
| and STATE OF NEW JERSEY, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

PLAINTIFF, the United States of America, complains of defendants as follows:

1. This is a civil action in which the United States seeks to foreclose its federal tax liens against real property located in Monmouth County, N. J. and against stock of 1321 Memorial Drive Investments, Inc.

### JURISDICTION & VENUE

2. The Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, has authorized and requested this action, and the action is brought at

the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401, 7402(a) and 7403.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court by virtue of 28 U.S.C. § 1396.

## PARTIES

5. Plaintiff, the United States of America, is the sovereign body politic.

6. Defendants William B. Gallagher and Barbara A. Gallagher (the Gallagher defendants) reside within the jurisdiction of this Court.

7. Defendants Monmouth Ocean Collection, Schibell & Mennie, LLC, Sharon Sutton, Allen Sutton, and the State of New Jersey, are named defendants, because they may claim an interest in the properties at issue in this action.

## COUNT I

8. The allegations contained in paragraphs 1 through 7 are restated as if set forth in full herein.

9. The Gallagher defendants are jointly and severally indebted for income taxes, penalties and interest with respect to their 1990, 1991, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003 tax years. On October 6, 2006, this Court entered a judgment in favor of the United States and against the Gallagher defendants in the total amount of $1,221,476.62 plus statutory interest and penalties accruing from September 14, 2005, with respect to these tax years.

10. The table below sets forth the date the Internal Revenue Service (IRS) assessed income tax against the Gallagher defendants for each of the aforementioned tax years:

| Tax Year | Assessment Date |
|---|---|
| 1990 | 12/19/94 |
| 1991 | 12/19/94 |
| 1994 | 12/30/96 |
| 1995 | 10/14/96 |
| 1996 | 06/30/97 |
| 1997 | 06/29/99 |
| 1998 | 08/16/99 |
| 1999 | 03/13/03 |
| 2000 | 03/23/03 |
| 2001 | 05/08/03 |
| 2002 | 06/09/03 |
| 2003 | 07/16/04 |

11. In accordance with the law, the IRS gave the Gallagher defendants notice and demand for payment of the unpaid taxes and statutory additions on the same dates as each of the assessments referred to in paragraph 10.

12. The IRS filed notices of federal tax lien with respect to the above-stated Gallagher defendants' income tax liabilities in Monmouth County, N. J. on the following dates:

| Tax Year | Filing Date |
|---|---|
| 1990 | 07/26/95 |
| 1991 | 07/26/95 |
| 1994 | 02/26/07 |
| 1995 | 03/17/97 |
| 1996 | 05/10/01 |

| Tax Year | Filing Date |
|---|---|
| 1997 | 05/10/01 |
| 1998 | 07/24/03 |
| 1999 | 05/06/03 |
| 2000 | 05/06/03 |
| 2001 | 07/24/03 |
| 2002 | 08/20/03 |
| 2003 | 09/27/04 |

13. The Gallagher defendants are also jointly and severally indebted for income tax, penalties, and interest with respect to their 2004, 2005, 2006 and 2007 tax years. On August 18, 2010, this Court entered a judgment against them in the total amount of $114,902.66, plus statutory interest accruing from December 31, 2008, with respect to these tax years. In this judgment, this Court also stated that the United States has valid tax liens with respect to these liabilities that attach to all of the property and rights to property of the Gallagher defendants.

14. The IRS filed notices of federal tax lien with respect to the Gallagher defendants' income tax liabilities for their 2004 through 2007 tax years in Monmouth County, N. J. on the following dates:

| Tax Year | Filing Date |
|---|---|
| 2004 | 05/26/09 |
| 2005 | 03/20/07 |
| 2006 | 10/30/07 |
| 2007 | 09/25/08 |

15. Defendant William Gallagher is also indebted for employment (FICA) taxes and unemployment (FUTA) taxes. He is indebted for unpaid FICA taxes, penalties and interest of Klitzman & Gallagher with respect to the following quarters: the fourth

quarter of 1995; the first quarter of 1996; the third quarter of 1999; the fourth quarter of 2000; the second through fourth quarters of 2001; the first, second and fourth quarters of 2002; all four quarters of 2003 and 2004; and the first two quarters of 2005. The tax periods for which William Gallagher is liable for such taxes, and the date the IRS assessed the taxes for each period are set forth in the table below:

| Quarter Ending | Assessment Date |
| --- | --- |
| 12/31/95 | 08/26/96 |
| 03/31/96 | 08/26/96 |
| 09/30/99 | 02/27/99 |
| 12/31/00 | 03/05/01 |
| 06/30/01 | 11/26/01 |
| 09/30/01 | 12/10/01 |
| 12/31/01 | 04/17/03 |
| 03/31/02 | 04/17/03 |
| 06/30/02 | 04/17/03 |
| 12/31 /02 | 04/17/03 |
| 03/31/03 | 11/17/03 |
| 06/30/03 | 11/17/03 |
| 09/30/03 | 12/01/03 |
| 12/31/03 | 03/22/04 |
| 03/31/04 | 07/16/04 |
| 06/30/04 | 08/23/04 |
| 09/30/04 | 11/05/04 |
| 12/31/04 | 03/01/05 |
| 03/31/05 | 09/07/05 |
| 06/30/05 | 09/07/05 |

16. In accordance with the law, the IRS gave Klitzman & Gallagher notice and demand for payment of the unpaid taxes and statutory additions on the same dates as each of the assessments referred to in paragraph 15.

17. Defendant William Gallagher is also indebted for unpaid FUTA taxes,

penalties and interest of Klitzman & Gallagher with respect to the year ending 12/31/04. The IRS assessed this tax on 3/01/05, and gave Klitzman & Gallagher notice and demand for this unpaid tax and statutory additions on the date of the assessment.

18. On April 25, 2007, this Court ordered that judgment be entered in favor of the United States and against William Gallagher with respect to the tax liabilities set forth in paragraphs 15 and 17 in the amount of $450,340.45 plus interest from February 28, 2007.

19. The IRS filed notices of federal tax lien with respect to the above-stated FICA tax liabilities (see paragraph 15) in Monmouth County, N. J. on the following dates:

| Quarter Ending | Filing Date |
|---|---|
| 12/31/95 | 12/02/96 |
| 03/31/96 | 03/28/02 |
| 09/30/99 | 09/26/00 |
| 12/31/00 | 03/28/02 |
| 06/30/01 | 03/28/02 |
| 09/30/01 | 03/28/02 |
| 12/31/01 | 07/04/03 |
| 03/31/02 | 07/04/03 |
| 06/30/02 | 07/04/03 |
| 12/31/02 | 07/04/03 |
| 03/31/03 | 02/03/04 |
| 06/30/03 | 02/03/04 |
| 09/30/03 | 02/03/04 |
| 12/31/03 | 06/29/04 |
| 03/31/04 | 09/08/04 |
| 06/30/04 | 09/21/04 |
| 09/30/04 | 11/22/04 |
| 12/31/04 | 03/29/05 |
| 03/31/05 | 09/28/05 |
| 06/30/05 | 09/28/05 |

20. The IRS filed a notice of federal tax lien with respect to the above-stated

FUTA tax liability (see paragraph 17) of William Gallagher in Monmouth County, New Jersey on March 29, 2005.

21. Defendant William Gallagher is also indebted for FICA tax, penalty and interest liabilities of Klitzman & Gallagher for additional quarters between 2005 and 2008. The table below sets forth the date the quarter ended, and the amount due for each quarter as of December 31, 2008:

| Quarter Ending | Amount Due |
| --- | --- |
| 9/30/05 | $34,155.19 |
| 12/31/05 | 29,121.47 |
| 3/31/06 | 29,057.51 |
| 9/30/06 | 18,476.47 |
| 12/31/06 | 22,051.45 |
| 3/31/07 | 19,177.51 |
| 6/30/07 | 19,250.79 |
| 9/30/07 | 25,466.47 |
| 12/31/07 | 24,895.93 |
| 3/31/08 | 24,276.56 |
| 6/30/08 | 23,024.55 |
| 9/30/08 | 13,718.76 |

22. On August 18, 2010, this Court entered a judgment against Mr. Gallagher with respect to these tax liabilities in the total amount of $282,672.66, plus statutory interest accruing from December 31, 2008. In this judgment, this Court also stated that the United States has valid tax liens with respect to these liabilities that attach to all of the property and rights to property of Mr. Gallagher.

23. The IRS filed notices of federal tax lien with respect to the above-stated FICA tax liabilities (see paragraph 21) in Monmouth County, N. J. on the following dates:

| Quarter Ending | Filing Date |
|---|---|
| 9/30/05 | 11/30/06 |
| 12/31/05 | 11/30/06 |
| 3/31/06 | 11/30/06 |
| 9/30/06 | 3/29/07 |
| 12/31/06 | 2/3/09 |
| 3/31/07 | 3/18/09 |
| 6/30/07 | 3/18/09 |
| 9/30/07 | 2/3/09 |
| 12/31/07 | 2/3/09 |
| 3/31/08 | 2/3/09 |
| 6/30/08 | 2/3/09 |
| 9/30/08 | 3/18/09 |

24. Defendant William Gallagher is also indebted for FUTA tax, penalty and interest liabilities of Klitzman & Gallagher for the periods ending 12/31/03, 12/31/05, and 12/31/07. The table below sets forth the date the period ended and the amount due for each tax period as of December 31, 2008:

| Period Ending | Amount Due |
|---|---|
| 12/31/03 | $      32.10 |
| 12/31/05 | 5,719.84 |
| 12/31/07 | 603.72 |

25. On August 18, 2010, this Court entered a judgment against Mr. Gallagher with respect to the tax liabilities set forth in the preceding paragraph in the total amount of $6,355.66, plus statutory interest accruing from December 31, 2008. In this judgment, this Court also stated that the United States has valid tax liens with respect to these liabilities that attach to all of the property and rights to property of Mr. Gallagher.

26. The IRS filed notices of federal tax lien with respect to the above-stated

FUTA tax liabilities (see paragraph 24) in Monmouth County, N. J. on the following dates:

| Period Ending | Filing Date |
| --- | --- |
| 12/31/05 | 8/12/08 |
| 12/31/07 | 2/3/09 |

27. On December 8, 1972, the Gallagher defendants purchased real property located in Monmouth County, N. J. at 630 Windermere Ave., Interlaken, N. J. and more particularly described as:

> BEGINNING at a point in the westerly line of Windermere Avenue distant two hundred feet (200.00) southerly from the point of intersection of the southerly line of Grassmare Avenue with the westerly line of Windermere Avenue; thence(1) southerly along the westerly line of Windermere Avenue, along the curve of an arc bearing to the left one hundred seventy-five feet (175.00) more or less to a concrete monument, said monument being located one hundred seventy-two and thirty six-one hundredths feet (172.36) on a course south four degrees seventeen minutes fifty-six seconds west (S4o17'56'W) from the beginning point; thence (2) south seventy-six degrees nineteen minutes thirty-four seconds west (S76o19'34"W) one hundred seventy-two and sixty nine one hundredths feet (172.69') to the easterly edge of the Deal Lake; thence (3) beginning again at the aforesaid beginning point, thence north seventy-two degrees twenty-eight minutes 50 seconds east (N72o28'50"E) one hundred eighty one feet (181') more or less to a point in the easterly edge of Deal Lake, thence (4) in a generally southerly direction along the easterly edge of Deal lake, two hundred seventy two feet (272') more or less to the ending point of the second course of this description.
>
> This description is in accordance with a survey prepared by Birtwell and Avakian, Inc., Professional Engineers and Land Surveyors, Asbury Park, N. J. and dated revised March 8, 1965.
>
> Said premises are also known as Lots 464, 465, and 466 together with the

southerly portion of 467 as shown on Map of Interlaken, Monmouth County, New Jersey.

28. The Gallagher defendants continue to own the real property described in ¶ 27.

29. Defendant William Gallagher owns the stock of a corporation known as 1321 Memorial Drive Investments, Inc.

30. The United States has valid and subsisting liens that attach to all of the Gallagher defendants' property and rights to property, including their interest in the property described in ¶ 27 and the stock of 1321 Memorial Drive Investments, Inc.

31. The Gallagher defendants previously entered into a settlement agreement with the United States regarding their federal tax liabilities, and they have failed to comply with their obligations under this agreement.

32. Defendants Sharon Sutton and Allen Sutton may claim an interest in the property described in ¶ 27 and the stock of 1321 Memorial Drive Investments, Inc., by virtue of their recording a judgment against defendant William B. Gallagher in Monmouth County, N. J.

33. Defendant Schibell & Mennie, LLC, may claim an interest in the property described in ¶ 27 and the stock of 1321 Memorial Drive Investments, Inc., by virtue of its recording a judgment against defendant William B. Gallagher in Monmouth County, N. J.

34. Defendant Monmouth Ocean Collection may claim an interest in the property

described in ¶27 and the stock of 1321 Memorial Drive Investments, Inc., by virtue of its recording a judgment against defendant William B. Gallagher in Monmouth County, N. J.

35. Defendant State of New Jersey may claim an interest in the property described in ¶27, and the stock of 1321 Memorial Drive Investments, Inc., by virtue of its recording certificates of debt against defendants William B. Gallagher and Barbara A. Gallagher in Mercer County, N. J.

WHEREFORE, the United States prays that this Court:

A. Determine, adjudge, and decree that the United States has valid and subsisting tax liens that attach to all property and rights to property of the Gallagher defendants, including the real property described in ¶ 27, and the stock of 1321 Memorial Drive Investments, Inc.;

B. Determine, adjudge, and decree that the United States' tax liens against the Gallagher defendants' property are superior to the interests of other defendants against the property at issue in this case and determine the priority of the other defendants' interests in the Gallagher defendants' property;

C. Order that the real property described in ¶ 27 and the stock in 1321 Memorial Drive Investments, Inc., be sold in accordance with 28 U.S.C. §§ 2001 and 2002, and that the proceeds from said sales be distributed as follows: (i) first, for all administrative costs for the sale; (ii) second, to the United States as payment towards the Gallagher defendants' indebtedness to it; (iii) third, to other lienors against the Gallagher

defendants' property; and (iv) any remaining funds be distributed to the Gallagher defendants;

D. Grant the United States its costs and attorney's fees incurred in the commencement and prosecution of this action; and

E. Grant such other and further relief as deemed just and proper.

Date: March 6, 2012.

                                      PAUL J. FISHMAN
                                      United States Attorney

                                      JOHN A. DiCICCO
                                      Principal Deputy Assistant Attorney
                                      General, Tax Division


                                      /s/Lawrence P. Blaskopf
                                      LAWRENCE P. BLASKOPF
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      (202) 514-9642