**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM B. GALLAGHER, JR.,<br>et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-4988 (MLC)<br><br>**O P I N I O N** |

**THE PLAINTIFF**, United States ("the Government"), originally brought this foreclosure action against the defendants William B. Gallagher, Jr., Barbara A. Gallagher, 1321 Memorial Drive Investments, Inc. ("MDI"), Monmouth Ocean Collection ("MOC"), Schibell & Mennie, LLC ("Schibell"), Sharon Sutton, Allen Sutton, and the State of New Jersey.  (See dkt. entry no. 1, Compl.)  The Government subsequently amended the Complaint to include claims against Crusader Servicing Corp. ("CSC") and Tower Lien, LLC ("Tower").  (See dkt. entry no. 16, Am. Compl.)

**THE GOVERNMENT** now moves for two forms of relief.  (See dkt. entry no. 28, Mot.)  First, pursuant to Federal Rule of Civil Procedure ("Rule") 56(a), the Government seeks summary judgment in its favor and against William B. Gallagher, Jr., Barbara A. Gallagher, and MOC ("the SJ Defendants").  (See id. at 1.)  Second,

pursuant to Rule 55(b), the Government seeks entry of default judgment against Schibell, Sharon Sutton, Allen Sutton, and the State of New Jersey ("the DJ Defendants"). (See id. at 1-2.) No defendant has opposed the Motion.

**THE COURT** now resolves the Motion on the papers and without oral argument. See L.Civ.R. 78.1(b); see also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174-76 (3d Cir. 1990) (district court may resolve unopposed summary judgment motion "on the basis of what [movant] put[s] before the court").

### THE SJ DEFENDANTS

**THE COURT** will deny the Motion without prejudice, insofar as the Government seeks summary judgment in its favor and against the SJ Defendants, because the Government has not demonstrated that it is entitled to such relief. The Government has informed the Court of facts purportedly bearing on the Motion. (See dkt entry no. 28-1, Statement of Material Facts; dkt. entry no. 28-2, Br. in Supp. at 2-5.) But the Government has failed to demonstrate that it is entitled to judgment as a matter of law, either by reference to Rule 56, or to applicable statutes and case law.[1]

---

[1] The Government cites to 26 U.S.C. § 7403 for the proposition that "[t]he federal tax liens against the Gallaghers' property may be foreclosed, and the property should be sold." (See Br. in Supp. at 5.) But the Government, other than noting that "district courts may exercise a degree of equitable discretion in § 7403 proceedings," fails to inform the Court of the legal standards applied in such proceedings. (See id. at 5-6.)

2

**THE COURT** notes further that the Government, while seeking summary judgment in its favor and against MOC, has suggested that MOC "should be dismissed as a party to this action." (Compare Mot. at 1, with Br. in Supp. at 7-8.) The Government, if moving anew for the entry of summary judgment, should clarify whether: (1) it seeks summary judgment in its favor and against MOC, or (2) more appropriately, the claims asserted against MOC should be dismissed.

### THE DJ DEFENDANTS

**THE COURT** will also deny the Motion insofar as the Government seeks the entry of default judgments against the DJ Defendants. The entry of default judgment lies in the discretion of the district court. See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

**THE PROCEDURAL HISTORY** of the action guides the Court's decision. The Government filed the Amended Complaint on December 15, 2011. (See Am. Compl.) The Amended Complaint raises claims against the DJ Defendants, but was not served on the DJ Defendants. (See generally id.; dkt. entry no. 16-1, Certificate of Serv.) The Government thereafter sought and secured the Clerk's entry of default against the DJ Defendants, on the basis of the Complaint. (See dkt. entry no. 19, Req. for Default; text entry immediately following dkt. entry no. 19 (entering default against DJ Defendants).) The Government later filed the Second Amended

3

Complaint.  (See dkt. entry no. 25, 2d Am. Compl.)  Like the Amended Complaint, the Second Amended Complaint raises claims against but was not served upon the DJ Defendants.  (See id.; dkt. entry no. 25-1, Certificate of Serv.)

**IT APPEARS** under these circumstances that the interests of justice are best served by denying the part of the Motion concerning entry of default judgment against the DJ Defendants. The Court will, however, deny that part of the Motion without prejudice.  If the Government wishes to move anew for the entry of default judgment against the DJ Defendants, it may do so after: (1) personally serving the Second Amended Complaint upon the DJ Defendants; (2) docketing proof of service; and (3) requesting the Clerk's entry of default against the DJ Defendants.[2]

### THE OTHER DEFENDANTS: MDI, CSC, AND TOWER

**THE GOVERNMENT** failed to bring the Second Amended Complaint against MDI, CSC, and Tower.  (See 2d Am. Compl.)  The Court thus deems the Government to have voluntarily terminated MDI, CSC, and Tower from the action, and will order the Clerk of the Court to designate the action terminated insofar as it was brought against them.[3]

---

[2] The Government may, if necessary, move before the Magistrate Judge to effect service by alternate means.

[3] The Government may move before the Magistrate Judge for leave to file a Third Amended Complaint if it wishes to proceed against MDI, CSC, or Tower in this action.

**CONCLUSION**

**THE COURT,** for the reasons stated above and for good cause appearing, will enter a separate Order: (1) denying the Motion without prejudice; and (2) ordering the Clerk of the Court to designate the action terminated insofar as it was brought against MDI, CSC, and Tower.

        s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Date:    November 26, 2012