**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
UNITED STATES,                      :  CIVIL ACTION NO. 11-4988 (MLC)
                                    :
     Plaintiff,                     :     O P I N I O N
                                    :
     v.                             :
                                    :
WILLIAM B. GALLAGHER, JR.,           :
et al.,                             :
                                    :
     Defendants.                    :
                                    :
```

**THE UNITED STATES** ("Government") brings this action to foreclose upon federal tax liens. (See dkt. entry no. 25, 2d Am. Compl.)

**THE GOVERNMENT** has filed a motion for entry of judgment by default ("Motion") against the defendants (1) Schibell & Mennie, LLC, (2) Sharon Sutton, (3) Allen Sutton, and (4) the State of New Jersey (collectively, "Defaulting Defendants"). See Fed.R.Civ.P. 55(b)(2). (See dkt. entry no. 43, Gov't Notice of Mot.)[1] The Government — in "seeking to foreclose its tax liens

---

[1] The Court, in an order dated November 26, 2012, directed the Government to refrain from filing the Motion until the Government served the Second Amended Complaint upon the Defaulting Defendants. (See dkt. entry no. 32, 11-26-12 Order at 1-2; see also dkt. entry no. 31, 11-26-12 Op. at 3-4.) The Government has now served the Second Amended Complaint upon the Defaulting Defendants, and the Clerk of the Court has entered default against those defendants. See Fed.R.Civ.P. 55(a). (See unnumbered entry following dkt. entry no. 41 (entering default); see also dkt. entry nos. 35-38 (affidavits of service).)

against real property William and Barbara Gallagher own which is located at 630 Windermere Ave., Interlaken, N. J., and against stock Mr. Gallagher owns" (Gov't Notice of Mot. at 1-2) — moves for entry of judgment by default on the issue of whether the Defaulting Defendants have any "interest in the real property and stock at issue in this case, properties described in ¶¶ 27 and 29 of the Second Amended Complaint". (Dkt. entry no. 43, Proposed Order at 2.)

**THE RETURN DATE** for the Motion was April 15, 2013. (See unnumbered entry following dkt. entry no. 43.) Three weeks have elapsed since the return date, but the Court has received no response from the Defaulting Defendants or any other defendant. The Motion is thus unopposed, and the Court will decide it without oral argument. See L.Civ.R. 78.1(b).

**THE GOVERNMENT** has demonstrated its entitlement to relief. Therefore, the Court will (1) grant the Motion, and (2) enter judgment by default against the Defaulting Defendants and in favor of the Government on the aforementioned issue. The Court will separately enter an order and judgment here. See Fed.R.Civ.P. 58(a) (requiring — with exceptions that are not applicable here — every judgment to be set forth in a separate document); see also Days Inns Worldwide v. Patel, 445 F.3d 899, 902 n.2 (6th Cir. 2006) (indicating that if a motion for entry of

judgment by default is granted, then a judgment should be entered as a separate document).[2]

                                                                  s/ Mary L. Cooper  
                                                           **MARY L. COOPER**  
                                                           United States District Judge

Dated: May 6, 2013

---

[2] The Government also moves for summary judgment in its favor and against the defendants William B. Gallagher, Jr., and Barbara A. Gallagher. (See dkt. entry no. 44.) The motion for summary judgment will be resolved separately.