**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES, | CIVIL ACTION NO. 11-4988 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| WILLIAM B. GALLAGHER, JR., et al., |  |
| Defendants. |  |

**THE UNITED STATES** ("Government") brings this action to foreclose upon federal tax liens. (See dkt. entry no. 25, 2d Am. Compl.) The only defendants remaining in this action are William B. Gallagher, Jr., and Barbara A. Gallagher (collectively, "Gallagher Defendants").

**IT APPEARS** that the Government now files a motion seeking summary judgment in its favor and against the Gallagher Defendants ("Motion"). (See dkt. entry no. 44, Gov't Br. at 1-8.) Three weeks have elapsed since the return date for the Motion — April 15, 2013 — but the Gallagher Defendants have not responded. (See unnumbered entry following dkt. entry no. 44.) The Motion is thus unopposed.

**THE COURT** now resolves the Motion without oral argument. See L.Civ.R. 78.1(b); see also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 174-76 (3d Cir. 1990) (stating court

may resolve unopposed summary judgment motion "on the basis of what [movant] put[s] before the court").

**BUT THE COURT** directs the Government's attention to the Opinion dated November 26, 2012 ("November 2012 Opinion"), wherein the Court rejected the Government's previous attempt to obtain such relief in this action:

> **THE COURT** will deny the Motion without prejudice, insofar as the Government seeks summary judgment in its favor and against the [Gallagher] Defendants, because the Government has not demonstrated that it is entitled to such relief.  The Government has informed the Court of facts purportedly bearing on the Motion. . . . But the Government has failed to demonstrate that it is entitled to judgment as a matter of law, either by reference to [Federal] Rule [of Civil Procedure] 56, or to applicable statutes and case law.

(Dkt. entry no. 31, 11-26-12 Op. at 2; see also dkt. entry no. 32, 11-26-12 Order.)

**THE PAPERS** filed in support of the Motion are, once again, bereft of any discussion of a movant's burden under Federal Rule of Civil Procedure ("Rule") 56 and its interplay with the relevant federal tax statutes here.  The Government should be well-aware that a summary judgment movant cannot be excused from providing this kind of analysis for the Court's assessment.  See, e.g., United States v. Barczyk, 697 F.Supp.2d 789, 791-92 (E.D. Mich. 2010) (discussing — in response to Government's summary judgment motion — interplay of Rule 56 with 26 U.S.C. §§ 6321 and

2

7403), aff'd, 434 Fed.Appx. 488, 489-91 (6th Cir. 2011) (same); United States v. Tanchak, No. 07-1475, 2009 WL 348270, at *2-7 (D.N.J. Feb. 5, 2009) (discussing — in response to Government's summary judgment cross motion — interplay of Rule 56 with 26 U.S.C. §§ 6303, 6321, 6322, and 7403), aff'd, 351 Fed.Appx. 729 (3d Cir. 2009); see also United States v. Bishop, No. 12-209, 2013 WL 1755232, at *1-3 (E.D. Pa. Apr. 23, 2013) (discussing — in response to Government's summary judgment motion — interplay of Rule 56 with 26 U.S.C. §§ 6303, 6321, 6322, and 7403); United States v. Wolfers, No. 11-859, 2012 WL 5363488, at *1-3 (M.D. Fla. Oct. 30, 2012) (discussing — in response to Government's summary judgment motion — interplay of Rule 56 with 26 U.S.C. §§ 6321, 6322, and 7403).

**THE COURT** notes that the Government addressed Rule 56 and the relevant statutes in the briefs in each of the afore-cited district court cases.  See Gov't Br. in Support of Mot. for Summ. J. at 3-6, United States v. Barczyk, No. 09-10881 (E.D. Mich. Dec. 18, 2009), ECF No. 28; Gov't Br. in Support of Cross Mot. for Summ. J. at 3-6, United States v. Tanchak, No. 07-1475 (D.N.J. July 1, 2008), ECF No. 24; see also Gov't Mem. in Support of Mot. for Summ. J. at 2-6, United States v. Bishop, No. 12-209 (E.D. Pa. Mar. 15, 2013), ECF No. 21; Gov't Mem. of Law in Support at 5-10, United States v. Wolfers, No. 11-859 (M.D. Fla. Aug. 23, 2012), ECF No. 35.

3

**GRANTING** the Motion as it has been presented here would be tantamount to inviting reversal by the Court of Appeals. Therefore, the Court will deny the Motion without prejudice to the Government to move, once again, for the relief sought in the manner directed in the November 2012 Opinion and in this Opinion.

                                                s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge

Dated: May 6, 2013