UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM B. GALLAGHER, JR.,<br>et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-4988 (MLC)<br><br>**O P I N I O N** |

**THE UNITED STATES** ("the Government") brings this action to foreclose upon federal tax liens. (See dkt. entry no. 25, 2d Am. Compl.) The only defendants remaining in this action are William B. Gallagher, Jr. and Barbara A. Gallagher (collectively, "the Gallagher Defendants"). William B. Gallagher, Jr. has entered his appearance on behalf of the Gallagher Defendants.

**THE GOVERNMENT** has moved for summary judgment in its favor and against the Gallagher Defendants. (See dkt. entry no. 49, Notice of Mot.) The Gallagher Defendants' opposition to the Motion was due by June 17, 2013. Nonetheless, the Gallagher Defendants have not opposed or otherwise responded to the Motion.

**THE COURT** will now resolve the Motion without oral argument pursuant to Local Civil Rule 78.1(b). The Court will determine the merits of the Motion based on the Government's brief and supporting

exhibits. See Berry v. Jacobs IMC, LLC, 99 Fed.Appx. 405, 408 (3d Cir. 2004); Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

**THE COURT** has carefully and thoroughly examined the evidence of record. We now conclude that the Government has demonstrated that it is entitled to judgment as a matter of law.

**THE GOVERNMENT** has demonstrated that it holds valid tax liens on real property owned by the Gallagher Defendants ("Property") and stock owned by William B. Gallagher, Jr. ("Stock"). Those liens arose from judgments entered in this district against: (1) the Gallagher Defendants in the amounts of $1,221,476.62 and $114,902.66 for income taxes owed for the tax years between (and including) 1990 and 2007; and (2) William B. Gallagher, Jr. in the amounts of $450,340.45, $282,672.66, and $6,355.66 for employment taxes owed by his law firm, for tax periods that ended between December of 1995 and December of 2008. (See Br. in Supp. at 2-3.)[1] See also 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest . . . together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or

---

[1] Although each judgment entered against the Gallagher Defendants and William B. Gallagher, Jr. included interest, the amounts recited above do not include that interest. (See Br. in Supp. at 2-3.)

2

personal, belonging to such person."); <u>United States v. Nat'l Bank of Commerce</u>, 472 U.S. 713, 719-20 (1985).

**THE GOVERNMENT** now seeks to enforce those liens by forcing a sale of the Property and the Stock pursuant to 26 U.S.C. § 7403(a). (<u>See</u> Br. in Supp. at 6-8.)  Because the Government has demonstrated that it is entitled to such relief, and because the Gallagher Defendants have not -- either collectively or individually -- opposed the Motion, the Court intends to grant the Motion.[2]

**THE COURT**, for good cause appearing, will enter a separate Order and Judgment.

                                                s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:    June 24, 2013

---

[2] The Government recognizes that the Court has discretion to delay the foreclosure of a federal tax lien.  (<u>See</u> Br. in Supp. at 7-8.)  <u>See</u> <u>United States v. Rodgers</u>, 461 U.S. 677, 709-11 (1983).  However, the Government argues, and the Court agrees, that the circumstances presented here do not warrant such delay.